UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| BI-LO, LLC, et al., | ) | Case No. 09-02140-hb |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 107(b) AND 1102(b)(3)(A) PROVIDING THAT THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IS NOT AUTHORIZED OR REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL AND NON-PUBLIC PROPRIETARY INFORMATION OF THE <u>DEBTORS OR TO PRIVILEGED INFORMATION</u>**

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby **ORDERED**.

**FILED BY THE COURT
06/04/2009**



US Bankruptcy Court Judge
District of South Carolina

Entered: 06/04/2009

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: BI-LO, LLC (0130); BI-LO Holding, LLC (6409); BG Cards, LLC (4159); ARP Ballentine LLC (6936); ARP James Island LLC (9163); ARP Moonville LLC (0930); ARP Chickamauga LLC (9515); ARP Morganton LLC (4010); ARP Hartsville LLC (7906); and ARP Winston Salem LLC (2540).

1259170.3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Case No.09-02140-hb |
| | ) | |
| BI-LO, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered |
| Debtors.[1] | ) | |

ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 107(b) AND 1102(b)(3)(A) PROVIDING THAT THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IS NOT AUTHORIZED OR REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL AND NON-PUBLIC PROPRIETARY INFORMATION OF THE DEBTORS OR TO <u>PRIVILEGED INFORMATION</u>

Upon the motion (the "<u>Motion</u>")[2] of the Official Committee of Unsecured Creditors of BI-LO, LLC, *et al.* (the "<u>Committee</u>"), pursuant to Bankruptcy Code Sections 105(a), 107(b), and 1102(b)(3)(A) and Rule 9018 of the Federal Rules of Bankruptcy Procedure, for the entry of an order providing that the Committee is not authorized or required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to the Debtors' confidential and other non-public proprietary information or to privileged information to any creditors having claims of the kind represented by such Committee; and the Court finding that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (iv) notice of the Motion and the hearing on the Motion was sufficient under the circumstances; and the Court having determined after due deliberation that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and good and sufficient cause having been shown; and sufficient cause appearing therfor; it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is GRANTED.

2. For the purposes of this Order, the term "Confidential Information" shall mean any nonpublic information of the Debtors, including, without limitation, information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, studies, and other documents prepared by the Debtors or their advisors or other agents, which is furnished, disclosed, or made known to the Committee, whether intentionally or unintentionally, and in any manner, including in

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: BI-LO, LLC (0130); BI-LO Holding, LLC (5011); BG Cards, LLC (4159); ARP Ballentine LLC (6936); ARP James Island LLC (9163); ARP Moonville LLC (0930); ARP Chickamunga LLC (9515); ARP Morganton LLC (4010); ARP Hartsville LLC (7906); and ARP Winston Salem LLC (2540).

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

1259170.3

written form, orally, or through any electronic, facsimile or computer-related communication. Confidential Information shall include (a) any notes, summaries, compilations, memoranda, or other written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to the Committee orally that the Debtors or their advisors or other agents advise the Committee should be treated as confidential.  Confidential Information shall also include, <u>inter alia</u>, any non-public information of the Debtors that would otherwise fit within the foregoing definition.  Notwithstanding the foregoing, Confidential Information shall not include any information or portions of information that : (i) is or becomes generally available to the public or is or becomes available to the Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors; or (ii) was in the possession of the Committee prior to its disclosure by the Debtors and is not subject to any other duty or obligation to maintain confidentiality.  The Committee or any creditor it represents shall be entitled to challenge the designation of information as Confidential Information by filing an appropriate pleading before the Court.

3. For purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege, whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party.

4. Notwithstanding any construction of section 1102(b)(3)(A) of the Bankruptcy Code to the contrary, the Committee, and its individual members and its respective representatives, advisors and counsel, shall not be authorized or required, without an order of this Court or written consent of the Debtors, which consent shall not be unreasonably withheld, to provide access to any Confidential Information or Privileged Information of the Debtors to any creditors having claims of the kind represented by the Committee.

5. In satisfaction of the requirements of Bankruptcy Code section 1102(b)(3)(A), the Committee shall respond to the written and telephonic inquiries and comments received from the creditors that it represents, as appropriate, and shall be permitted, but not required, to utilize a website for the purpose of providing access to documents, pleadings, and other materials that the Committee believes, in its reasonable business judgment, are relevant and informative for creditors that it represents, including documents pertaining to any plan of reorganization in the Debtors' cases and pleadings filed by the Committee.

6. If the Committee denies a request for information because the Committee believes the information request is for Confidential Information or Privileged Information as set forth herein, or that the information request is unduly burdensome, the requesting creditor may, after a good

faith effort to meet and confer with an authorized representative of the Committee regarding its denied information request, seek to compel disclosure of the requested information for cause by filing a motion with the Court. Such motion shall be served and the hearing on such motion shall be noticed and scheduled pursuant to the case management order(s) entered in this matter. The Committee shall not object to any requesting creditor's desire to participate in any such hearing by telephone conference. Nothing herein shall be deemed to preclude a requesting creditor from asking (or the Committee from objecting to such request) that the Committee provide the requesting creditor a log or other index of requested information withheld as Confidential Information or Privileged Information. Furthermore, nothing herein shall preclude a requesting creditor from asking that the Court conduct an *in camera* review of information withheld as Confidential Information or Privileged Information

       7.     The Committee shall not be authorized or required under Bankruptcy Code section 1102(b)(3)(A) to provide access to any Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

       8.     Nothing in this Order shall expand restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access, or not to provide access, to any information of the Debtors to any party except as explicitly provided herein.

       9.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

    AND IT IS SO ORDERED

1259170.3                           3