## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: | CASE NO. 09-02140-hb |
| BI-LO, LLC *et al.*, | Chapter 11 |
| Reorganized Debtors. | (Joint Administration) |

### ADMINISTRATIVE PROCEDURES ORDER ESTABLISHING UNIFORM PROCEDURES FOR RESOLUTION OF CLASS 4 CLAIMS

The relief set forth on the following pages, for a total of **12** pages including this page, is hereby **ORDERED**.

**FILED BY THE COURT**
**08/06/2010**



/s/ *signature*
US Bankruptcy Judge
District of South Carolina

Entered: 08/06/2010

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| In re: | CASE NO. 09-02140-hb |
|---|---|
| BI-LO, LLC *et al.*, | Chapter 11 |
| Reorganized Debtors. | (Joint Administration) |

**ADMINISTRATIVE PROCEDURES ORDER ESTABLISHING UNIFORM PROCEDURES FOR RESOLUTION OF CLASS 4 CLAIMS**

This matter comes before the Court upon the motion ("Motion") of the Trustee of the Creditors' Trust (the "Trustee"), on behalf of the Reorganized Debtor, for an order establishing uniform procedures for resolution of Class 4 Claims, including procedures for (1) Objections to claims; (2) Responses to objections; (3) Resolution of tort claims (4) Discovery; (5) Settlement of claims; and (6) Further Proceedings.  The Motion was filed with the Court on June 25, 2010, and was served upon the Trust Advisory Board and its counsel, the core/2002 notice of appearance service list compiled by the Debtors' Noticing Agent in this matter, the Office of the United States Trustee, and all holders of Class 4 claims.  Objections to the Motion were filed by New Spring Community Church, Ann Stone, Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A., in its capacity as trustee for the trust established by James Douglas McQueen ("Wells Fargo"), and ACE American Insurance Company.  At the hearing in this matter, the Trustee announced that these objections had been resolved by agreements to include specific language in any order approving the Motion.  The objecting parties reviewed this order prior to its entry and have agreed that the order contains the language that sufficiently resolves their objections.

It appears that the relief requested in the Motion is in the best interests of the Reorganized Debtor, its estate, the creditors, and other parties in interest.  It further appears that the Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334, that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue of this matter

2

is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409. It also appears that notice of the Motion and opportunity for a hearing on the Motion was appropriate under the circumstances and that no other or further objections have been received. After due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED that:

1. The Motion, as modified by this Order, is granted and the Uniform Administrative Procedures for Resolution of Class 4 Claims attached hereto as **Exhibit A**, are approved in their entirety. The Motion, as originally filed, appeared to seek relief beyond that which is granted by this Order. This Order and the attached **Exhibit A** reflect a decision by the Trustee to clarify the relief sought by the motion and limit it to the provisions contained in this Order and the attached **Exhibit A**. Nothing in this Order or the attached **Exhibit A** shall prohibit the Trustee from seeking other or further relief at a later time.

2. The Bankruptcy Code, the Bankruptcy Rules, the Local Rules and this Court's Operating Orders shall apply in this matter, except to the extent they conflict with this Order and the procedures outlined herein.

3. The rights of claimants shall not be diminished by the procedures used herein, and these procedures are not intended to expand or diminish the rights and powers of any parties. The procedures are designed to create efficient and cost-effective disposition of Claims by providing a simple and streamlined procedure for their resolution.

4. Nothing in this Order shall be deemed to modify the Debtors' Fourth Amended Plan of Reorganization. In the event of a conflict, the terms of the Plan will control.

5. In the event that the Creditors' Trust and/or a claimant re-classify or seek to re-classify a claim that would affect the Reorganized Debtors (e.g, , re-classification from Class 4 to Administrative to Priority Class), the Reorganized Debtor shall be provided notice and an opportunity to object.

6. Claims of the Debtor's current and/or former landlords are not subject to the rules and procedures set forth in "Section 3. Resolution of Tort Claims" of the attached **Exhibit A**.

7. Based upon agreement between the parties and that the Court has previously abstained from hearing any objection to the personal injury claims asserted by Ann Stone, the asserted personal injury claims of Ann Stone are excepted from the procedures outlined in this order and the attached **Exhibit A**, and such claims will not be subject to the rules and procedures set forth herein**.**

8. Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A., in its capacity as trustee for the trust established by James Douglas McQueen ("Wells Fargo") has previously provided the Trustee with information regarding its asserted claims, and the Trustee has agreed that the procedures set forth herein do not appear to be necessary with regard to Wells Fargo. Based upon agreement between the parties, the claims asserted by Wells Fargo are excepted from the procedures outlined in this order and the attached **Exhibit A**, and such claims will not be subject to the rules and procedures set forth herein**.**

9. New Spring Community Church has previously provided the Trustee with significant information regarding its asserted claims, and the Trustee has agreed that the procedures set forth herein do not appear to be necessary with regard to New Spring Community Church. The asserted claims of New Spring Community Church are excepted from the procedures outlined in this order and the attached **Exhibit A**, and such claims will not be subject to the rules and procedures set forth herein**.**

10. Based upon agreement between ACE American Insurance Company and the Trustee, the Claims Procedures outlined herein shall not apply to claims potentially within the coverage of the workers compensation policies or claims potentially within the coverage of the automobile insurance policies issued to the Debtors and/or their affiliates by ACE American Insurance Company or its affiliated insurers (collectively, "ACE").

11. The Trustee shall provide to ACE regular status reports identifying all pending and completed activity regarding all Class 4 Claims that are potentially covered by the general liability insurance policies issued to the Debtors and/or their affiliates and that have a potential value above fifty percent (50%) of the applicable policy SIR or deductible amount, and the

Trustee shall provide ACE with notice of and the opportunity to participate in the settlement of any such claims. ACE shall have the right, but not the obligation, to participate in the settlement of such Class 4 Claims.

12. Nothing in the Uniform Administrative Procedures for Resolution of Class 4 Claims or this Order shall in any way operate to, or have the effect of, altering or impairing in any respect the legal, equitable or contractual rights and defenses of the insureds or insurer under the ACE Policies and Agreements, or the rights, if any, of any other persons or entities under such policies. The rights and obligations of the parties and others under the ACE Policies and Agreements shall be determined under such policies and related agreements, including the terms, conditions, limitations, exclusions and endorsements thereof, which shall remain in full force and effect, and under any applicable non-bankruptcy law. Nothing in this paragraph 12 shall be interpreted to be inconsistent with paragraphs 10 and 11 above.

13. The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

AND IT IS SO ORDERED.

# EXHIBIT A

(Uniform Procedures for Resolution of Disputed Claims)

# EXHIBIT A

(Uniform Procedures for Resolution of Disputed Claims)

## **UNIFORM PROCEDURES FOR RESOLUTION OF DISPUTED CLAIMS**

**The purpose of these claims procedures are to allow claims, not disallow them. Through the procedures outlined below, the Trustee is seeking to obtain information to be able to allow claims in the appropriate amount or to timely settle claims where there may be a dispute. Claimants' full and timely response to all of the relief set forth herein will allow the Trustee to more quickly and efficiently establish those claims. Once all claims are established, the Trustee can then move to make one or more distributions to creditors in the largest amounts and in the shortest period of time possible at the lowest possible administrative cost to the estate.**

The Court approves the procedures described below regarding each of the following topics:

      **(1)**    **Objection to claims**
      **(2)**    **Responses to objections**
      **(3)**    **Resolution of tort claims**
      **(4)**    **Discovery**
      **(5)**    **Settlement of claims**
      **(6)**    **Further Proceedings**

      **1.**    **Objections to Claims.**

The Trustee may file and serve objections to Claims based on any grounds permitted by the Bankruptcy Code and/or Federal Rules of Bankruptcy Procedure (the "Objections"). The Objections will be supported by declaration or affidavit.

Each holder of a Claim that is subject to an Objection will be served with, at the option of the Trustee, either (a) an individualized notice (detailing the particular Claim(s) at issue that are held by that claimant, and specifying the ground(s) for objection thereto), or (b) the entire Objection. Copies of all documentation not initially served, including the Objection and supporting declaration, and all exhibits thereto, shall be available to claimants upon request.

Subsequent Objections on different grounds may be filed, notwithstanding that such Claims are also the subject of a pending Objection.

**2.    Responses to Objections.**

The holder of a Claim that is the subject of an Objection (a "Claimant") must file a written response (the "Response") in order to contest the Objection. The Response must (i) provide a concise statement setting forth all legal and factual reasons why the Claim should not be disallowed, reclassified or otherwise treated as requested in the Objection; and (ii) include copies of all documents (not already attached to the proof of claim objected to) supporting the Response.

The Claimant's Response must be filed and served within thirty (30) days of the service of the Objection, in accordance with South Carolina Local Bankruptcy Rule 9013-4. In the event that a Claimant asserting a Claim does not timely file a Response, the Court may take such action as it deems appropriate, including, without limitation, granting the relief requested in the Objection.

If a Claimant timely files and serves a Response complying with the above-described procedures, then a hearing will be held on the Objection and the Response. The hearing may be combined with other hearings on Objections and/or other matters in the within bankruptcy case.

**3.    Resolution of Tort Claims.**

Pursuant to the automatic stay provisions of Section 362 of the Bankruptcy Code and Sections 6.6 and 9.6 of the confirmed Plan in this matter, all tort Claimants are currently stayed or enjoined from prosecuting and asserting tort Claims except through the filing of proofs of claim prior to the Claims Bar Date set forth in the Plan. Nothing contained herein shall be deemed to affect in any way the any rights of a tort Claimant to assert or prosecute its claims in this Court or any other court after obtaining appropriate relief from the stay or Plan injunction by this Court. The Tort Claims resolution procedures will likewise not affect the Trustee's rights with respect to any Tort Claim not conclusively resolved through these procedures, including

without limitation, the Trustee's right to seek estimation of the allowable amount of any such Tort Claim in the United States District Court or this Court.

Under the procedures set forth herein, each Tort Claim may be resolved in the following manner:

<u>Information Assembly/Settlement</u>

This Tort Claim resolution procedure provides for an initial information assembly/settlement phase during which the Trustee will collect information from the Tort Claimants concerning each Tort Claim, and the Trustee and each Claimant will then exchange settlement proposals. To the extent that the Trustee is able to resolve Tort Claims during the information assembly/settlement phase of the procedures, the Trust will save the added cost and expense of retaining counsel to litigate the Tort Claims.

After identification of a Tort Claim, the Trustee will mail to the Claimant a form prepared by the Trustee, requesting such information as the Trustee believes is necessary to evaluate such Tort Claim. The completed form and requested documentation will be returnable to the Trustee 30 days after receipt of the form by the Claimant. The completed form must be signed by the Claimant and counsel therefor, if any, and the signature of the Claimant must be notarized. All signatures of counsel shall be subject to Rule 11 of the Federal Rules of Civil Procedure.

In order to more quickly identify the amount of alleged claims against the Creditors Trust, to aid the Trustee in the determination and resolution of disputed claims, and to allow for a quicker distribution to creditors in this matter, information to be solicited may include, but is not limited to:

**For personal injury Claims**:

    (A) copies of any medical bills and reports

    (B) copies of any expert reports

    (C) documentary or other written information sufficient to substantiate lost wages, if any

      (D) copies of any pictures of any accident scene.

**For property damage Claims**:

      (A) copies of any repair invoices and records

      (B) copies of any expert reports

**For all Tort Claims**

      (A) The form may request that the Tort Claimant state a specific dollar amount of the Tort Claim, with an explanation of the basis for the amount of the Tort Claim, and

      (B) The form may request that the Tort Claimant make a written settlement demand for a sum certain to be treated as an unsecured claim (the "Settlement Demand") not to exceed the amount, if any, set forth in the Claimant's proof of claim.  The Trustee acknowledges and agrees that any Settlement Demand shall remain confidential and will be treated as an offer to compromise pursuant to Rule 408 of the Federal Rules of Evidence.

<u>Response from Trustee</u>

Within 90 days from the date on which the Trustee receives a form returned in accordance herewith, the Trustee shall:  (i) accept the Settlement Demand (ii) make a counteroffer of settlement (the "Counter-Offer") or ; (iii) object to the Tort Claim; or (iv) request additional information from the Claimant, such as submission to an independent medical examination for personal injury Claimants.

If additional information is requested, the Claimant will be asked to provide such additional information within 30 days of the additional information request.  Once the additional information is provided, the Trustee must either in writing (i) accept the Settlement Demand, (ii)

make Counter-Offer or (iii) object to the Tort Claim within 60 days after it receives such additional information.

Claimant's Reply

Counter-Offers made by the Trustee shall be valid for 30 days after the Counter-Offer is made. If a Counter-Offer is not accepted or rejected within such 30 day period, the Trustee shall deem such lack of response to be a rejection of the Counter-Offer. If the Claimant accepts the Counter-Offer, the Tort Claim shall be deemed allowed on the date on which the Trustee received notice of such acceptance.

**4.      Discovery.**

In the event that a Claim is not resolved by the parties through negotiation, the Trustee may file an Objection (unless an Objection has been previously filed with the Court) pursuant to Section 1. "Objections to Claims" hereinabove. The Court shall determine the validity, amount and priority of any such Claim in accordance with 11 U.S.C. § 502(b).

Unless otherwise ordered by this Court, discovery shall be completed in accordance with the relevant provisions of the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure .

**5.      Settlement of Claims.**

The Trustee is authorized to settle, compromise or otherwise resolve any Claim at any time. "Bankruptcy courts historically have encouraged [debtors] to settle lawsuits to the end that the administration of the estate may be wound up promptly. When a dispute is settled, such settlement will involve a compromise." In re Dow Corning Corp., 198 B.R. 214, 246 (Bankr. E.D. Mich. 1996).

With many Claims to resolve, it is desirable to establish procedures for the filing of resolution of disputes which are efficient and minimize the burden on this Court. If the Trustee were required to file a motion seeking Court approval and serve notice of that motion on

all parties in interest whenever the Trustee resolves a Claim, the expense to the estate and the demand on the Court's limited time would be considerable.

Thus, in order to efficiently and expeditiously resolve the Claims, the Trustee is authorized to compromise and settle any Claim without further notice to any party or approval of the Court, subject to exceptions requiring the approval of ACE American Insurance Company or of the Trust Advisory Board (the "Board") as set forth in the Plan or as the Board and the Trustee may hereafter agree.

### 6. Further Proceedings

Claimants' full and timely response to these procedures will allow the Trustee to more quickly and efficiently establish the allowable amounts of their claims. If a Claimant fails to participate in good faith in these procedures, the Trustee shall retain the right to file objections or other pleadings with this Court seeking appropriate relief, including seeking an order to compel production and/or disallowance of the claim.