# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **09-02140-hb**

### ORDER ON MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**09/29/2011**



US Bankruptcy Judge
District of South Carolina

Entered: 09/29/2011

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>BI-LO, LLC,<br><br>Debtor(s). | C/A No. 09-02140-HB<br><br>Chapter 11<br><br>**ORDER ON MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER** |

THIS MATTER comes before the Court pursuant to the Motion to Compel (Doc. No. 3968) filed by BI-LO, LLC[1], and the Motion for Entry of Protective Order (Doc. No. 3983) filed on behalf of William S. Kaye, Liquidating Trustee for BFW Liquidation LLC, f/k/a Bruno's Supermarkets, LLC, and responses thereto.  The dispute involves outstanding multi-million dollar claims between the two parties pending in this bankruptcy case and in the Bruno's bankruptcy case, pending in the U.S. Bankruptcy Court for the Northern District of Alabama.[2]

The parties have engaged in extensive discovery coordinated between the two bankruptcy courts.  However, they hit an obstacle to completion when certain discovery requests served by BI-LO were met with an offer from Kaye, pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(i)[3], to allow BI-LO access to a warehouse containing boxes of records rather than identifying and supplying the documents directly responsive to the

---

[1] The bankruptcy case was administratively closed on July 15, 2011, after confirmation and consummation of a plan of reorganization.  However, various matters in the case remain pending, including this dispute. *See* Doc. Nos. 3935-4015.  Further, there is an appeal pending before the U.S. District Court regarding this contested matter. (Doc. No. 3540).

[2] *In re BFW Liquidation, LLC*, C/A No. 09-00634-BGC-11 (Bankr. N.D. Ala. 2009).  The parties also filed motions relating to these discovery requests in the Bruno's case in the Alabama bankruptcy court and Judge Benjamin Cohen entered an order leaving the matters to this Court's discretion. (Doc. No. 3979, Ex. 1).

[3] Rule 34, in relevant part, states that "[u]nless otherwise stipulated or ordered by the court . . . [a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request . . ." Fed. R. Civ. P. 34(b)(2)(E)(i).
.

requests. BI-LO argues that the records in the warehouse are not kept in the usual course of business and are not organized and labeled to correspond to the categories of the discovery request.

An initial hearing was held on September 6, 2011. At that hearing, the parties represented that the boxes are housed in a warehouse in no particular order and not particularly organized. The records were inherited by Kaye in his role as liquidating trustee for Bruno's, a company that no longer operates. At that hearing, the Court ordered Kaye to index the boxes and allowed BI-LO the opportunity to participate in that process, and continued the hearing to September 28, 2011, to consider the next step. Counsel for Kaye reported at the hearing that the boxes were in fact indexed and provided the Court with the index list. After approximately 100 hours of work by Kaye's representatives and with a BI-LO representative present, the original estimate of 8,000 boxes resulted in an index list containing 2,283 items.[4] By the time of the hearing, BI-LO had narrowed its interest to only 57 of the indexed boxes.

Counsel for Kaye argued that BI-LO may have access to those 57 boxes and mark the relevant documents to obtain copies at BI-LO's expense. Counsel also asserted that Kaye reserves the right to claim a privilege in any document marked by BI-LO. BI-LO, on the other hand, argued that Kaye must examine the 57 boxes for documents responsive to the discovery requests and produce and categorize those documents at Kaye's expense. Each party asked that the Court require the opponent to pay its costs and fees incurred in this matter.

---

[4] The parties reported that many of the boxes clearly were not responsive or did not contain any documents and, therefore were excluded or grouped together.

The issues raised in the Motion to Compel and Motion for Protective Order present a gray area that required innovative interpretation of the applicable discovery rules to overcome the obstacle presented by these facts. Given that the duties of the parties were not clear from a review of applicable authorities, the Court will not award fees and costs to any party.

After a review of the index and considering the arguments of counsel, and considering the fact that Kaye—although a party to this proceeding—is a custodian of records for a bankrupt company that no longer operates, the Court finds that Kaye may utilize Rule 34(b)(2)(E)(i) going forward. The Court finds that the boxes are now sufficiently organized and labeled considering the facts of this matter, which include the fact that there is no usual course of business for the responding party. The Court reviewed *Devon Mobile Commc'n v. Adelphia Commc'n Corp. (In re Adelphia)*, 338 B.R. 546 (Bankr. S.D.N.Y. 2005), and the ruling of the District Court in *Stout v. Wolf Shoe Co.*, No. 3:04-cv-23231-JFA, 2007 WL 1034998 (D.S.C. Mar. 31, 2007), in reaching this conclusion. After such review, the Court finds that the facts and analysis of the *Adelphia* case heard in bankruptcy court particularly instructive in fashioning the relief previously granted and as outlined below.

However, the Court does not agree with Kaye's argument that BI-LO is required to mark relevant documents and then have those selected documents reviewed by Kaye for any privilege. If Kaye elects to utilize Rule 34(b)(2)(E)(i) for production of any documents within the boxes in question, Kaye must provide BI-LO with unfettered access to those boxes and the ability to copy any document without interference. The

Court finds that it is reasonable, however, for Kaye's representatives to supervise this process as discussed on the record at the hearing.

**IT IS THEREFORE, ORDERED, THAT**:

1. The Motion to Compel and Motion for Protective Order are both granted in part and denied in part;

2. Kaye may elect to make the some or all of the 57 boxes of interest available to BI-LO in response to the discovery requests identified in the Motion to Compel as allowed by Rule 34(b)(2)(E)(i), and must grant BI-LO reasonable unfettered access to those records promptly after entry of this Order. Should Kaye instead elect to produce any documents from those 57 boxes specifically responsive to the requests, they must be produced within thirty (30) days from entry of this Order. The parties are hereby ordered to cooperate to complete this process in a cost-effective and cooperative manner;

3. All requests for a shifting of fees and costs are denied;

4. The hearing on the Motion for Protective Order, previously scheduled for October 4, 2011, is hereby cancelled, as that matter has been resolved by this Order.